# SANTIAGO SAENZ

## *v.*

# AMERICAN RAILROAD COMPANY OF PORTO RICO.

---

Ponce, Law, No. 1211.

### ON MOTION FOR NEW TRIAL.

New Trial—Surprise—Costs.

> Where a defendant railroad company without a demurrer goes to trial upon a complaint alleging the burning of a cane field from sparks in the negligent operation of a locomotive, plaintiff may prove sparks coming from chimney of the engine and also sparks

XI. Porto Rico.—16.

Saenz v. American R. Co.

coming from the live coals let down between the tracks from the fire box; but the answer showing that the defendant supposed that the sparks were those from the chimney and prepared its defense accordingly, a new trial will be granted. As the indefiniteness, however, would have been remedied if the defendant demurred, the new trial will be granted only upon prepayment of all costs by the defendant.

Opinion filed April 22, 1919.

Messrs. *L. Montalvo Guenard* and *José Sabater* for plaintiff.

Mr. *Francis H. Dexter* for defendant.

HAMILTON, Judge, delivered the following opinion:

The allegation of the complaint in paragraph 3 is merely that a locomotive of the defendant run, managed, and operated by the agents, etc., of the defendants, due to the negligence and fault of those operating the same, set fire, etc. That is the allegation in the complaint.

The defendant evidently prepared the case upon the theory that the way the engine set fire to the cane was by sparks from the chimney. It looked to me as if the evidence as produced showed that the spark arrester, that is, if the jury believed the evidence of the people testifying as to the spark arrester, was so constructed and in such order that it was practically impossible for the sparks to get through so as to set fire to anything; that if it was possible it was not through the negligence of the defendant.

The defendant is not an insurance company, and is only held to use the instruments that are commonly in use by railroad companies. It is shown that what was in that engine was what

Saenz v. American R. Co.

was commonly in use, and took away, I think, any idea of negligence of the defendant. That is the line of defense as to the spark arrester. If that had been all that there was in the case, it occurred to me then, and I still think, that I should have had to direct a verdict for the defendant. The wording of paragraph 3 is so broad that it does not necessarily mean that. It merely says that the locomotive from being negligently operated set fire to the cane field, so that the defendant mistook what was going to be proved, or, at all events, if plaintiff attempted to prove that he attempted also to prove something else, that is to say, that the fire box was shaken and that live coals were let down between the tracks. If that were proved, it would be within the allegation of paragraph 3. It might be a negligent operation of the engine. I do not know that it makes much difference how many witnesses testified to it, but certainly the main witness on the subject, the one that was recalled, was rather indefinite. It seems that he was put on for one purpose, to identify the number of the engine, and he went on to prove this. That adds to the difficulty of the case, but even that would not be conclusive.

The point in my mind is this: If the defendant had demurred specifically so as to find out whether that fire went up or down,—I think he is entitled to know which it was,—I think I should have sustained that demurrer. That the plaintiff ought to allege which it was or that it was both, and not leave it so uncertain that the defendant would prepare the case on one basis and lose it on another. So that it seems to me that the defendant was negligent, not in the operation of the engine, but in the preparation of his pleadings. That being so, it seems to me that justice requires that a new trial should be granted so

that the case could be fought out squarely on the issues of the fire from the fire box. The word "sparks" I do not think makes much difference in the testimony of that witness. It might very well be that there was fire between the tracks, and that that particular fire as one concrete thing was confined to the track, and sparks from that fire went away and set fire to the adjoining property. That would show negligence. So that if the pleadings were all right, the evidence would sustain, I think, the plaintiff's case, but the complaint was not definite enough to put the defendant on his guard as to how to prepare his case, and for that reason I think a new trial should be granted. But it was the defendant's fault that the pleadings were in that condition, and if I am going to put the case back so that the defendant in effect can demur,—I suppose he will if a new trial is granted, or make some motion by which the pleadings will be made more specific,—he ought to pay the expense of it. So I will grant the new trial, but the entire costs of the trial will be put upon the defendant, and the new trial is granted upon the condition that those costs are paid within thirty days.